UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAN JIANG,<br><br>            Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, *et al.,*<br><br>            Defendants. | Civil No. 06-CV-2816-L(LSP)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [doc. #8]** and **DIRECTING AN ANSWER TO THE COMPLAINT** |

Defendants move to dismiss plaintiff's Complaint contending that the Court lacks subject matter jurisdiction and even if subject matter exists, plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The motion has been fully briefed. Having carefully considered the matters presented, the Court enters the following decision.

**Background**

Plaintiff Shan Jiang brings this case to compel defendants to act on the processing of an I-485 Application filed by plaintiff on June 3, 2004, at the United States Citizenship and Immigration Services ("USCIS") San Jose Office. Plaintiff's fingerprints were submitted on July 20, 2004, and plaintiff and his wife were interviewed at the USCIS San Jose Office on January 25, 2005. After the interview, plaintiff was given an "Adjustment of Status Notice" that indicated plaintiff's FBI Name Check result was pending; therefore, the USCIS was unable to approve plaintiff's petition.

On August 10, 2005, the FBI sent an email to plaintiff in response to his February 1, 2005 inquiry, indicating that the original Name Check request contained an error that required a resubmission of the request. The resubmission was made on May 26, 2005, and the second Name Check request remained pending.

Plaintiff submitted a change of address to the USCIS on June 3, 2005. Because of the change of address, plaintiff's I-485 petition files were transferred to the San Diego office of the USCIS.

As a result the delayed Name Check, plaintiff was required to submit a second set of fingerprints to the USCIS. Upon further inquiry by plaintiff on November 2, 2005 and July 24, 2006, plaintiff was advised that the name check remained pending. To date, plaintiff's I-485 Application has not been reviewed.

## Discussion

In their motion to dismiss the complaint, defendants challenge subject matter jurisdiction over plaintiff's claim. Plaintiff bases subject matter jurisdiction on federal question pursuant to 28 U.S.C. §§ 1361 and 1331; declaratory relief pursuant to 28 U.S.C. §2201; and the APA, 5 U.S.C. § 701, *et seq.*. Defendants correctly argue that neither the Declaratory Relief Act, 28 U.S.C. §2201, nor the APA provide an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950) (Declaratory Relief Act); *Califano v. Sanders*, 430 U.S. 99, 106-07 (1977) (APA). But the court can exercise subject matter jurisdiction under either 28 U.S.C. §1331 or §1361.

"[A]gency actions are generally reviewable under federal question jurisdiction, pursuant to 28 U.S.C. §1331." *Spencer Enter., Inc. v United States*, 345 F.3d 683, 687 (9th Cir. 2003) (citing *Califano,*, 430 U.S. at 105). "Even if no statute specifically provides that an agency's decisions are subject to judicial review, the Supreme Court customarily refuses to treat such silence 'as a denial of authority to an aggrieved person to seek appropriate relief in the federal courts,' and this custom has been 'reinforced by the enactment of the Administrative Procedure Act, which embodies the basic presumption of judicial review to one 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the

meaning of a relevant statute.'" *Id.* at 687-88 (quoting *Stark v. Wickard*, 321 U.S. 288, 309 (1944) & *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967)) (internal brackets omitted).

Accordingly, the question presented is "whether any statute has deprived the federal courts of jurisdiction to review the particular agency action at issue . . .." *Id.* at 688. The statute relevant to this question is 8 U.S.C. §1252(a)(2)(B)(ii), which provides in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
> . . .
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

This provision has been interpreted to bar judicial review of those acts which are within the Attorney General's discretion as specified by statute. *Spencer Enter.*, 345 F.3d at 688-91.

Plaintiff's Application was filed pursuant to 8 U.S.C. §1255, which authorizes the Secretary of the Department of Homeland Security ("Secretary") to adjust to permanent residence status certain aliens who have been admitted into the United States:

> The status if an alien who was inspected and admitted or paroled into the United States . . . *may* be adjusted by the [Secretary], *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence.

8 U.S.C. § 1255(a) (emphasis added). Accordingly, the decision to grant or deny the application is discretionary. The regulations further provide that the "applicant shall be notified of the decision." 8 C.F.R. §209.2(f). The duty to adjudicate an application, by either granting or denying it, is therefore not discretionary. *See Singh v. Still*, 470 F. Supp. 2d 1064, 1067 & n.6 (N.D. Cal. 2006) (duty to adjudicate mandatory); *Aboushaban v. Mueller*, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006) (duty to adjudicate nondiscretionary); *see also Razaq v. Poulos*, 2007 WL 61884 (N.D. Cal. Jan. 8, 2007) (duty to adjudicate I-130 application mandatory under similar statutory language). The statute and the regulations are silent about the time within which the adjudication must be completed.

Section 1252(a)(2)(B)(ii) "withdraws jurisdiction wherever discretionary authority is

'specified' by statute" and not otherwise. *Spencer Enter.*, 345 F.2d at 691. Section 1255 does not address, much less specify, any discretion associated with the time to adjudicate applications. *See* 8 U.S.C. §1255; *Duan v. Zamberry*, 2007 WL 626116, at *2 (W.D. Pa. Feb. 23, 2007); *see also Elmalky v. Upchurch*, 2007 WL 944330, at *4 (N.D. Tex. Mar. 28, 2007). Section 1252(a)(2)(B)(ii) therefore does not preclude judicial review of a claim about the delay in adjudication.

In the alternative, judicial review of the same claim is appropriate under 28 U.S.C. §1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See Patel v. Reno*, 134 F.3d 929, 931-32 (9th Cir. 1998) (finding jurisdiction under analogous circumstances: "[D]iscretionary decision to grant or deny a visa petition is not normally subject to judicial review. [Citations omitted] However, when the suit challenges the authority . . . to take or fail to take an action . . ., jurisdiction exists."); *Indep. Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 507 n.6 (9th Cir. 1997) (rejected argument that inaction involved a non-discretionary act because "at some level, the government has a general non-discretionary duty to process the applications in the first instance"). Defendants argue the court lacks subject matter jurisdiction because the official duty at issue is discretionary, while one of the requirements for mandamus is that the official's duty be "nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003). For the reasons discussed above, defendants' duty to adjudicate Plaintiff's Application is nondiscretionary.

Further, "mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. *Kildare*, 325 F.3d at 1084 (internal quotation marks and citations omitted). For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), plaintiff has stated a claim.

Accordingly, the court has subject matter jurisdiction to decide plaintiff's claim of delay

in the processing of his I-485 Application and plaintiff has stated a claim for which relief may be granted.  To the extent plaintiff requests other relief, subject matter jurisdiction is lacking because granting or denying the Application is within the Secretary's discretion.  *See Spencer Enter.*, 345 F.3d at 690.

Based on the foregoing, **IT IS HEREBY ORDERED** defendant's motion to dismiss this action with prejudice is **DENIED** insofar as it seeks relief from delay in processing Plaintiff's pending I-485 application.  Defendants shall file an answer to the complaint within five days of the filing of this Order.

**IT IS SO ORDERED.**

DATED: January 28, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL